Jeffrey Morrison
Senior Trial Attorney
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW
PHB 4613
Washington, D.C. 20530
MO Bar No. 44401
Facsimile: (202) 514-0655
Email: Jeffrey.Morrison@usdoj.gov
Telephone: (202) 353-1845
*Attorneys for Plaintiff Rebecca Cruz*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Rebecca Cruz,<br><br>Plaintiff,<br><br>vs.<br><br>City of Glendale, Arizona,<br><br>Defendant. | **No.** __________<br><br>**COMPLAINT** |

Plaintiff, Rebecca Cruz ("Cruz"), through counsel, states:

1. This civil action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 – 4335 ("USERRA").

## JURISDICTION

2. This Court has jurisdiction over the subject matter of this action pursuant to 38U.S.C. § 4323(b).

3. Venue is proper in this judicial district under 38 U.S.C. § 4323(c)(2) because the defendant, the City of Glendale, Arizona ("Glendale"), maintains a place of business within this judicial district. Additionally, venue is proper under 28 U.S.C. § 1391(b) because the events or omissions giving rise to this action occurred in this judicial district.

## THE PARTIES

4. Rebecca Cruz is a citizen of the State of Arizona, and has been a service member in the Arizona Air National Guard ("Guard") since 2007.

5. Glendale is a municipality located in Maricopa County, Arizona, which had more than 240,000 residents as of 2015. The Glendale city government provides an array of municipal services, employs more than 1700 fulltime employees to provide these services, and had a total annual budget of $693 million for 2016-17.

6. Glendale is an "employer" within the meaning of 38 U.S.C. § 4303(4)(A), and is subject to suit for violations of USERRA under 38 U.S.C. § 4323(a).

## FACTUAL ALLEGATIONS

7. On or about March 28, 2016, Cruz started work for the City of Glendale's Public Works Department as a Management Analyst.

8. When Cruz interviewed for the Glendale position with Bob Manginell, Public Works Program Administrator (who would become Cruz's immediate supervisor) and Michelle Woytenko, Deputy Public Works Director, Cruz told them both about her military service in the Guard.

9. Two months after starting with Glendale (on or about May 27-29, 2016), the Guard told Cruz that it was changing her Guard job classification. Because of this change, the Guard would require her to attend a two-month long training program from July 11, 2016 until September 16, 2016.

10. On or around May 31, 2016, Cruz informed Manginell, in person, that she would need to take military leave for Guard duty.

11. At this meeting, Manginell stated that he was concerned as to how she would integrate back into work when she returned from her military service. Cruz told Manginell that, while being away from her family was always stressful, military service members received resiliency training on how to reintegrate. Manginell said "okay," but told Cruz that he did not want her coming back with "some kind of PTSD or whatever people call it."

12. At this meeting Manginell also asked Cruz, "How often is this going to occur?" Manginell said that he thought Cruz's Guard service was only "one weekend a month, like on the commercials." Cruz observed that Manginell appeared visibly upset that Cruz's Guard obligations could consistently require her to be away from her position with Glendale. Manginell then told Cruz that one of Cruz's co-workers would have to "bend over backwards" to accommodate Cruz's military absence and finish Cruz's work.

13. On June 7, 2016, after Cruz received the written orders regarding the training, she provided Manginell with her written military orders. She also filled out an on-line personnel form provided by the City of Glendale requesting that Glendale grant her 240 hours of paid military leave per the city's military leave policy.

14. Manginell then scheduled a meeting with the City of Glendale's Human Resources Department ("Glendale HR") for the next day. Manginell told Cruz that he wanted the meeting to confirm that the City of Glendale required the Glendale Public Works Department to pay Cruz anything during her leave, and that he wanted time to verify Cruz's military orders. Cruz provided him with contact information for her military superior so that Manginell could confirm the orders.

15. On June 8, 2016, Cruz and Manginell met with two representatives from Glendale's HR Department. The Glendale HR Department informed Manginell that Glendale had recently changed its military leave policy. Under the new policy, employees working for the City of Glendale, including the Glendale Public Works Department, were entitled to a maximum of 320 hours of paid military leave per year. According to Cruz, Manginell's tone and demeanor at the meeting made it clear that her leaving on military leave "was an issue for him." There was no discussion of Cruz's job performance at this Glendale HR meeting.

16. On information and belief, after the June 8, 2016 meeting, Manginell met that same day with Woytenko and Glendale's Public Works Director Jack Friedline (Manginell's and Woytenko's supervisor). At this second meeting, Manginell and Woytenko allegedly expressed concerns to Friedline about Cruz's job performance and

attitude as a probationary employee. Friedline decided at that time to terminate Cruz. Upon information and belief, Manginell then called HR that same day to inform it that Friedline had decided to terminate Cruz.

17. No one at Glendale had previously counseled Cruz regarding her job performance, or even had discussions with her about performance issues. On information and belief, Glendale had no documentation whatsoever about the existence of any alleged problems with Cruz's performance prior to Friedline's June 8, 2016 decision to terminate Cruz.

18. However, following that decision, on June 9, 2016, Manginell created a post hoc rationale for the termination by conducting interviews with Woytenko and three other employees about allegations regarding Cruz's job performance.

19. On June 16, 2016, Manginell escorted Cruz to what she believed was a regular senior staff meeting with Friedline. When Cruz arrived at Friedline's office, Friedline informed Cruz of her termination while Manginell waited outside. Manginell then immediately escorted Cruz to her desk to collect her things. Manginell then escorted Cruz from the premises. Cruz had no idea that Glendale might terminate her employment until she was in Friedline's office on June 16, 2016.

20. Glendale notified Cruz of her termination only seven working days after Cruz submitted her written military duty orders. Cruz's supervisors decided to terminate her the same day they learned that the City of Glendale's own employment policies would require Glendale Public Works Department to continue to pay Cruz for up to 320 hours of military leave.

21. Based on the close timing, Manginell's negative comments about her military leave, and the lack of any prior discussions about her performance, Cruz reasonably believed that Glendale Public Works terminated her because of her military leave obligation. In response, Cruz filed a USERRA complaint with the Veterans' Employment and Training Service ("VETS") of the U.S. Department of Labor ("DOL"), which Glendale received on June 24, 2016.

## CLAIM FOR RELIEF

22. Glendale violated USERRA (38 U.S.C. § 4311) by terminating Cruz's employment in response to her request for leave for military service in the Guard.

23. Cruz's military service was a motivating factor in Glendale's decision to terminate her employment.

24. Glendale acted with willful disregard to Cruz's USERRA rights when it terminated her employment.

25. Cruz suffered a substantial loss of earnings and benefits as a result of Glendale's violations of USERRA, in an amount to be proven at trial.

26. Cruz requests, to the extent authorized by law, a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Cruz prays that this Court grant the following relief:

A. Declare Glendale's termination of Rebecca Cruz was in violation of Section 4311 of USERRA;

B. Require Glendale to comply fully with the provisions of USERRA by paying Cruz all amounts due to her for loss of wages caused by Glendale's violation of USERRA;

C. Require Glendale to comply fully with the provisions of USERRA by paying Cruz all amounts due to her for loss of benefits caused by Glendale's violation of USERRA, including credit by Glendale of her lost time in Arizona's defined benefit pension program;

D. Direct Glendale to reinstate Cruz into her prior position with full seniority, pay and benefits to restore her to same status she would have been but for Glendale's actions against her;

E. Enjoin Glendale from taking any further action against Ms. Cruz that fails to comply with the provisions of USERRA; and

F. Declare that Glendale's USERRA violation was willful, and award Cruz liquidated damages in an amount equal to her lost wages.

Respectfully submitted this 14th day of August, 2017.

JOHN M. GORE
Acting Assistant Attorney General
Civil Rights Division

BY: DELORA L. KENNEBREW
Chief

ANDREW BRANIFF
IN Bar No. 23430-71
Special Litigation Counsel
JEFFREY G. MORRISON
MO Bar No. 44401
Senior Trial Attorney
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW
PHB 4613
Washington, D.C. 20530
Telephone: (202) 353-1845
Facsimile: (202) 514-0655
Email: Jeffrey.Morrison@usdoj.gov
*Attorneys for Plaintiff Rebecca Cruz*